1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| ADRIAN SIANEZ SANCHEZ,<br><br>                Plaintiff,<br><br>    v.<br><br>IRWINDALE BREW YARD, LLC, *et al.*,<br><br>                Defendants. | Case No. 2:24-cv-02602-FLA (PVCx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [DKT. 10]** |

1

**RULING**

Before the court is Plaintiff Adrian Sianez Sanchez's ("Plaintiff") motion to remand for lack of subject matter jurisdiction ("Motion"). Dkt. 10 ("Mot."). Defendants Irwindale Brew Yard, LLC, IBY, LLC, PABST Brewing Company, LLC, and City Brewing Company, LLC (collectively, "Defendants") oppose the Motion. Dkt. 12 ("Opp'n"). On May 22, 2024, the court found the Motion appropriate for resolution without oral argument and vacated the hearing set for May 24, 2024. Dkt. 14. For the reasons stated herein, the court GRANTS the Motion and REMANDS this action to the Los Angeles County Superior Court.

**BACKGROUND**

On January 26, 2024, Plaintiff initiated this putative class action against Defendants in the Los Angeles County Superior Court, bringing claims for violations of the Fair Credit Reporting Act (15 U.S.C. § 1681, *et seq.*) (the "FCRA"), the California Investigative Consumer Reporting Agencies Act, and the Consumer Credit Reporting Agencies Act. *See* Dkt. 1-1 ("Compl."). Generally, Plaintiff alleges technical statutory violations related to the format of disclosures provided to consumers in advance of procurement or collection of the consumers' credit information. *Id.* ¶¶ 15–17; *e.g.*, *id.* ¶ 16 ("[T]he disclosures did not comply as a result of … including superfluous information within the disclosure, such as … identifying information of a third party consumer reporting agency, which was not the reporting agency used to obtain or procure the consumer report for Plaintiff and Class members, and extraneous information relating to various state disclosure requirements[, and] burying the disclosures with small font in a lengthy employment package with dense text that contains extraneous information[.]").

On March 29, 2024, Defendants removed the action to this court based on alleged federal question jurisdiction, as the Complaint asserts claims under the FCRA. Dkt. 1 ("NOR") at 2.

In the instant Motion, Plaintiff argues, "Defendants have failed to show that federal-question jurisdiction exists here under the [FCRA] or any other federal statute, as Plaintiff's Complaint does not allege any actual injury sufficient to maintain Article III standing." Mot. at ii.

## LEGAL STANDARD

Federal courts are courts of "limited jurisdiction," possessing "only that power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1. District courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006). Additionally, federal courts have an obligation to examine jurisdiction *sua sponte* before proceeding to the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

"Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Thus, when a court determines it lacks subject matter jurisdiction over an action removed from state court, the court must remand the action. *Polo v. Innoventions Int'l LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016) ("Remand is the correct remedy because a failure of federal subject-matter jurisdiction means only that the *federal* courts have no power to adjudicate the matter. State courts are not bound by the constraints of Article III.") (emphasis in original) (citation omitted). It is Defendants' burden as the removing party to justify this court's exercise of jurisdiction. *Gaus*, 980 F.2d at 567.

## DISCUSSION

"A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit." *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998)). A plaintiff has Article III standing when: (1) the plaintiff suffered an "injury in fact that is (a)

concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* (citation omitted).

Defendants have not established Plaintiff has suffered an injury that is concrete, particularized, and actual or imminent rather than conjectural or hypothetical. *See Cetacean*, 386 F.3d at 1174. Defendants rely entirely on one allegation in the Complaint to show Plaintiff has suffered the requisite injury in fact:

> As a result of Defendants' unlawful procurement of background reports by way of its inadequate disclosures and authorizations, [] Plaintiff and Class Members have been deprived of their consumer rights and prevented from making informed decisions about whether to permit Defendants to obtain their personal information.

Compl. ¶ 46 (emphasis added). Defendants contend the allegation that Plaintiff was "prevented from making informed decisions," *id.*, "create[s] an inference of confusion," Opp'n at 5, which is sufficient to demonstrate injury in fact under *Syed v. M-I, LLC*, 853 F.3d 492, 499–500 (9th Cir. 2017). The court disagrees.

As an initial matter, *Syed* does not appear to hold that confusion—alone—is a sufficiently concrete injury. *See id.* ("Drawing all reasonable inferences in favor of the nonmoving party, we can fairly infer that [plaintiff] was confused by the inclusion of the liability waiver with the disclosure **and** would not have signed it had it contained a sufficiently clear disclosure, as required in the statute.") (emphasis added); *see also Beltran v. Waste Mgmt., Inc.*, Case No. 23-cv-00279-MCE (KJNx), 2024 WL 266697, at *3 (E.D. Cal. Jan. 24, 2024) (similarly concluding *Syed* did not so hold). Rather, injury in fact existed in *Syed* because the court could reasonably infer from the allegations that plaintiff "would not have signed" a liability waiver had the waiver "contained a sufficiently clear disclosure[.]" 853 F.3d at 499–500.

4

Plaintiff's signing of the liability waiver, when he would not have otherwise, was a particularized and concrete injury. *See id.*

Here, the court cannot infer from the allegations that Plaintiff would have taken a particular action because of the alleged inadequate disclosures, much less that Plaintiff would have been injured by that action. The allegations, thus, are too "conjectural" and "hypothetical" to establish injury in fact. *See Cetacean*, 386 F.3d at 1174. Indeed, courts frequently remand or dismiss actions with similar FCRA allegations for this reason. *See Grabner v. Experian Info. Sols., Inc.*, Case No. 22-cv-00078-CJC (DFMx), 2022 WL 1223636, at *2–3 (C.D. Cal. Apr. 22, 2022) (remanding action where plaintiffs "d[id] not allege any concrete action Defendant's statutory violation prevented them from taking," and, thus, the court "[could not], without speculating, discern from Plaintiffs' complaint any action they would have taken or harm they would have avoided if Defendants had provided the non-disclosed information"); *Orpilla v. Schenker, Inc.*, Case No. 19-cv-08392-BLF, 2020 WL 2395002, at *4 (N.D. Cal. May 12, 2020) (remanding action where plaintiff did not allege she would have behaved any differently had her employer abided by the FCRA's disclosure and authorization requirements); *Beltran*, 2024 WL 266697, at *2–3 (dismissing complaint where no allegations supported that plaintiff "was actually confused by the disclosures or that he would have responded differently had the disclosures complied with the FCRA. … Plaintiff merely alleges that he was generally confused at some point, but there is nothing from which the Court can infer that Plaintiff was confused at the time he signed the document, what he was confused about, and that he would have proceeded differently if provided with a compliant disclosure."); *Nunley v. Cardinal Logistics Mgmt. Corp.*, Case No. 22-cv-01255-FWS (SPx), 2022 WL 5176867, at *3 (C.D. Cal. Oct. 5, 2022) (remanding action where the complaint did not demonstrate plaintiff "sustained a 'concrete harm' independent of asserted procedural violations because it d[id] not allege that plaintiff suffered any

actual confusion resulting from the purportedly noncompliant disclosures or that plaintiff would have taken any action if Defendants had complied with the FCRA.").

In sum, Defendants have not met their burden to demonstrate Plaintiff suffered an injury in fact and, thus, have not established this court has subject matter jurisdiction.

## CONCLUSION

Accordingly, the court GRANTS the Motion and REMANDS this action to the Los Angeles County Superior Court, Case No. 24STCV02173.  All dates and deadlines in this court are VACATED.  The clerk of the court shall close the action administratively.

IT IS SO ORDERED.

Dated: October 7, 2024

FERNANDO L. AENLLE-ROCHA
United States District Judge